UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                :
ABDUL TAYLOR,                :
                :
         Petitioner,              :
                :      18-CV-499 (JMF)
      -v-                :
                :      MEMORANDUM OPINION
MICHAEL CAPRA, Superintendent of the Sing Sing  :      AND ORDER
Correctional Facility,                :
                :
         Respondent.            :
                :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Abdul Taylor, proceeding *pro se*, petitioned this Court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his custody in New York State prison following his 2009 conviction in New York County Supreme Court. ECF No. 2. The Court has just learned, from records maintained by the New York State Department of Corrections and Community Supervision, that Petitioner died in custody on December 6, 2018. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited September 17, 2021). The records also indicate that Taylor's custody status is listed as "discharged."

      Because the Court can no longer grant Taylor the relief he seeks — release from custody — the petition is denied as moot. *See, e.g.*, *Hailey v. Russell*, 394 U.S. 915, 915 (1969) ("Upon the suggestion of mootness by reason of the death of petitioner, motion for leave to file petition for writ of habeas corpus dismissed."); *see also, e.g.*, *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); *Sacco v. U.S. Parole Comm'n*, No. 07-CV-0078, 2008 WL 4426585, at *1 (N.D.N.Y. Sept. 25, 2008) ("Because petitioner's death

means that there is no relief that this Court can grant to him . . . his petition for a writ of habeas corpus has been rendered moot.").

Accordingly, the petition for a writ of habeas corpus filed by Taylor is DISMISSED as moot on the basis that Petitioner is deceased. As Taylor has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 17, 2021
       New York, New York

_____
JESSE M. FURMAN
United States District Judge